And this case is 23-2311, United States v. Jorge Romero-Amaro. Whenever you're ready, counsel. Good morning, your honors.  May I please record? My name is Francisco Adams-Quesada. I represent Defendant Appellant Jorge Romero-Amaro. Your honors, on November 18, 2020, a tall and slender man was navigating a boat. Mr. Romero-Amaro, along with five other persons, four other persons were in that boat. Five in total. So it's Romero and four other individuals. Two other facts. Is there anything in the record, obviously the jury could observe what the defendants looked like. Is there anything in the record about the stature or profile of the client? No, your honor. And precisely, that is very important because there is nothing that was presented to the jurors to say in court that Mr. Romero-Amaro was the person that was driving the boat. See if they had four sumo wrestlers and your client. The jury could then conclude one of those four guys had to be the fifth guy, the tall slender guy. Even though the people who gave the order for the boat to pull over or whatever you call it when you're in the water, even though the boat didn't do that and they don't know who was driving the boat at the time, the jury wasn't one of those four sumo wrestlers. It had to be this other guy. But that's not what we have here. There's nothing in the record. No, being frank, no, your honor. But the burden is always on the government. And there is precisely absolutely no evidence that Mr. Romero-Amaro was the person driving the boat nor the other person that went next to that person at the helm. There were three other individuals in the back. And that's the setup. So what's the appropriate standard of review here? It should be the court has to determine that if there is substantial evidence to back up the jury's verdict. Regarding the Rule 29, we have to go to the novel. I understand where the counsel raised an argument regarding the Rule 29. I just want to say the following. After the case in chief, Rule 29 motion was filed. After defense witnesses, Rule 29 motion was filed. And the district court, in essence, held those under advisement. Is that right? Under advisement. They were discussed, but it was under advisement. But then we get a sentencing date. Right before the sentencing took place, defense reassesses and reaffirms the arguments, and the defendant was sentenced. Counsel also said there were no outstanding motions. But there was no outstanding motion. Yes, and it was me, Your Honor. So I've got to be frank. So at that time, what we're thinking is the motion is denied because we're standing in front of the court for sentencing at that same moment. And we got sentenced.  Yeah, and we said, so are we waiting for a sentence? Well, we are reaffirming the Rule 29 arguments, and that's what we're doing. And so we're going for the sentence because we understand that it was denied, and that's what I actually verbalized. I said, well, it was denied because we're here for a sentence right now. Because had it been granted, you wouldn't be there. Exactly. Exactly. So that's the point. So the setup in November 18, 2020, no evidence whatsoever. As a matter of fact, Agent Bajon, I don't know if I'm saying that correctly, but that's one of the agents, Agent Bajon, said the person in control of the vessel did not follow the orders. That's his testimony. And there's no evidence, and the burden is on the government, to say that the person not following the order is that individual. So how come ownership and title of a vessel has nothing to do with not following an order according to a statute of failure to heave? If Congress wanted the owner of the vessel to be responsible, vicariously or have an absolute responsibility for not following an order to heave, it would have included that in the statute. But that's not the case. So we're not disputing the fact that your client was the owner, correct? We are not. Right. So the governments are going to argue, or they argue, as I understand it, that the owner has control, de facto control over the boat or the vessel. Why is that not accurate? Because that is not based on anything. No statute establishes that. There is no presumption in the law about that. There is no case law that talks about that. The case law talks that this is a knowingly act, and that's how it's structured. This is knowingly. The person that knowingly does not follow an order is the one that commits the crime. It's no one else. So ownership is not an issue. But let me go a little bit further because the government is going to say that Romero Amaro had a captain's license, right? If you look at the evidence, Your Honor, he was not the only one that had a captain's license. There was another defendant that had a captain's license. Was that his brother? And I know there's an issue about whether or not we can look at anything that happened after the government arrested. And I think that probably came in after the government arrested. Yeah, and I will clarify that. That's the brother of the other co-defendant that had the driver's license, the one that testified. There is a co-defendant, Graziani, had a brother that testified, which is Mr. Graziani on the record. Okay, but your client's brother did not have a license. No. My client did not have a brother in that setup. The co-defendant had a brother that was the one that testified for the defense. So you have right there two persons that had a captain's license. But we can go even further. The testimony from the defense also established that out of five individuals, four were from the island of Culebra, which is eight times smaller than St. Croix. Pretty much the backyard is the sea for the people there. And it was established that everyone there knows about boats and handles boats. So the fact that my client had a captain's license doesn't add much to the whole element. So what are we left with? We are left with inferences upon inferences, stacking inferences that the court has established that is not appropriate. There has to be substantial evidence. And this may seem a very ñ this is a very simple case, Your Honor, but it is very important too because we are talking about the essence of proving the case with substantial evidence. I think that what occurred here was that, first of all, my ñ Mr. Romero was the only person charged in the case. He was ñ no one else was charged aiding and abetting, and that even goes further. So the theory and the evidence should have been that he precisely was the one that caused the failure to heave. And there's no evidence as to that or that he did not heave. So looking at that, I think that the jury was left with sort of like inferences that, well, since he was the owner or since he had a captain's license, that's nothing. There is no presumption as to the law regarding that for him to be found guilty. And that he was close to the helm, there is no evidence about that. He was not ñ there is no evidence that he was close or had access to, at that moment, to the helm or was the person in front or to the side. There is no evidence as to that. And if there is no evidence to back up a verdict, it cannot ñ it cannot ñ it has to be vacant. So that is our argument. I can't answer any other ñ I want to say the case law is consistent with the fact that the persons have been charged and made responsible for failure to heave have been the persons driving the boat, controlling it. Even in aiding and abetting, the one that is saying, here comes the police or whatever, you have to have evidence that you actually are either failing to heave or assisting in that process. And none of that occurred here. Thank you. Thank you very much. Good morning, Mr. Sleeper. Adam Sleeper for the United States. Just before I jump in, in response to Judge McKee's questions about pictures of the defendants, they do appear in the record. There were pictures of four of the five individuals admitted into the record. Those pictures appear at Supplemental Appendix 246 to 249. At JA 180, the picture at Supplemental Appendix 246 is identified as a picture of the defendant in this matter. We could, in looking at the pictures, the jurors were in a much better position to assess the stature and whether or not, based upon stature alone, they could conclude who was driving that boat than we would be able to from photographs. They would. Also, I mean, we have these photographs. We might say, well, this guy looks taller or this guy looks thinner to me, but that doesn't mean that the agent was necessarily saying this is the tallest or the thinnest person I saw. But the pictures do appear there if the court would like to review them. Thank you. What's the appropriate standard of review? I think the appropriate standard of review here, well, if I may break that up a bit, I think there's been somewhat of a shift in the arguments that are being made here. The argument that's made in the opening brief, and I think what was made at trial, was that the defendant was not the operator, the master, or the person in charge of the vessel. And in the reply brief, there's a shift in the argument to the different elements, and that's that regardless of whether he had that title, he wasn't the one that failed to obey the order. And so I want to distinguish between what I view as two different arguments that are being made here. As to the first one, whether he's the master, excuse me, the operator, master, or person in charge, the government contends that it's plain error. And admittedly, we don't have a case on point addressing exactly the factual situation that's presented here, but I think the real rule of thumb is if something is intentionally given up, it's a waiver, and if something is inadvertently given up, it's a forfeiture. And so here what we have is something that looks very similar to a waiver if the defendant had done it on purpose, but the government's not contending that there was an intentional waiver. There was an inadvertent waiver here, and for that reason, we think plain error review should apply. The court could, to put it another way, if an argument is inadvertently not made, then the court is deprived of the ability, is inadvertently by the defendant deprived of the ability to address the argument. Here, the court was perfectly prepared to address the argument, but was convinced by the defendant that it already had so that it never made a ruling, essentially depriving it of the ability to reach that argument. So I think the court has been put in essentially the same situation as the standard forfeiture situation. When counsel at sentencing mistakenly stated that the motion was denied, he basically said, I take exception to that. He said, we understand there are elements that are missing from the evidence for that conviction. We're just raising that on the record. So he consistently maintained that Mr. Romero-Romero believed there was insufficient evidence for this. So what relevance is that? Sure. Yes, Your Honor. I don't think that those statements are particularly relevant for two reasons. One, that itself could not be construed as a Rule 29 motion because, one, he said we're not ‑‑ there isn't anything for the court to rule on, and, two, it would have been an extremely untimely Rule 29 motion. And I think the crucial language is what follows after that. Because the judge, in response to that, did what I think judges should do and say, oh, is there an issue that I need to address? Do I need to rule on this? And what came right after that was, no, no, no, you have already ruled on this. You don't need to address it. So I think certainly he can note his objection, but what he's saying is there's nothing, you know, I'm just saying this and there's nothing for you to do and you shouldn't do something, when the court specifically asked whether it needed to do something. So under those circumstances, I don't think that that really changes anything. In addition, just to shift over to the second argument, the one that's being raised more in the reply brief, and that's that, you know, even if he was the master, he didn't knowingly fail. One, I think the same plain error that we're ‑‑ argument that we made previously applies to that. Two, as I read the arguments being made at the Rule 29, and this is at Joint Appendix 709 to 710, that doesn't really seem to be the focus of the arguments that are being made. Just clipping out what I thought were the relevant sentences, you know, the argument that was made, there's no evidence proving that if you take count two, that Mr. Jorge Romero was the person that did not, that failed to heave two. The fact that he's title owner of something does not make it that under those circumstances, he's acting as a person controlling the vessel or operating the vessel or as a say as to what is occurring on the vessel. I read that as really going towards the first element. And I will say there is more argument there that was made. Those two sentences are not right next to each other. There is some more there. I would encourage the court to look at that. But I don't really see this new argument being raised in the reply brief as being adequately preserved there. I would also argue that because it's being raised for the first time in the reply brief, it's been waived. This was not the argument that was briefed in the opening brief. Turning to the merits of the issue, I think the fundamental question here is when you have a small boat and a boat captain on board the small boat that he owns, whether it's a reasonable common sense inference for a jury to infer that that is the person that is the master of the vessel or the person in charge of the vessel. That doesn't mean that that person is necessarily at the wheel all the time. What it means is that's the one with the ultimate control over the boat. So there can be vicarious liability here in your worldview? Well, I think I would push back on that phrasing in some way. I think if the master, because there are two elements, and that, excuse me, there's more than two elements. But as you see in the reply brief, you know, the defendant is trying to shift the arguments. But I think that more goes to the second one. For example, let's say that there was someone on board a vessel, and they were the master, and they had all the authority to issue the orders. And a Coast Guard comes up and tells the boat to heave to, and the captain's going, stop, stop, stop, issuing the orders, and whoever's physically operating the vessel refuses to do so. I think at that point, that person is still the master or the person in charge of the vessel, but they wouldn't be the person that failed to heave to. So what I would say is it's not a vicarious liability issue. It's a, you know, we may satisfy the first element, but not the additional elements. But here, what we have is an individual who was, first of all, we had those facts we said, which we say, you know, permits an inference that they're the master or person in charge. There's no, you know, once we have the facts establishing that permissible inference, you know, certainly then if other facts come up, that might undermine the permissible inference and in some way make it impermissible. There's no other facts in this record that undermine that inference. And similarly, if you have the master or person in charge, I think it's inferable when you're on a small boat like this, and the guy is right there, excuse me, the captain is right, or excuse me, the master or the person in charge. The guy works for me. I'm not a water person, so I understand the guy. Yeah. If he's right there, I think it's reasonably permissible. You know, let's say captain's down in his crew quarters, right, and, you know, someone else, you know, I don't know if he's really acting what he's supposed to do at that point, but let's say he's down below and he's not aware of this. Again, he's not the one failing to obey the order. But here, he's right there while everything's going on. But this scenario starts, and I did look at a picture of the boat. It is a very small boat, not much bigger than a rowboat would be. But why couldn't the jury conclude that, hey, I know this is contradictory because they're acquitted on the controlled substance charges, but it's common sense to assume that if the so-called master of the boat is not driving the boat, but the master let somebody else drive the boat, and the coast guard comes up and goes and says, pull over or stop the boat, heave. And the person in the boat who's actually the master of the boat says, okay, we've been given an order to heave, stop the boat, pull over. And the guy at the helm goes, no way. Given what we've got on this boat, I'm not stopping. I'm taking off. I'm going to haul it out of here. And that's a very logical kind of assumption the jury may have figured in this analysis and concluded that you have to show who's at the helm of the boat to prove beyond a reasonable doubt that that's the person who failed to heave. Well, two things, Your Honor. First of all, I think it's very clear that the jury didn't make that conclusion because they convicted on the failure to heave rather than acquit it. But I think the other point is you have the master of the person in charge right there. There's no facts undermining the inference that he was still able to exercise control. You know, there's no indication in the record that there was a fight over the controls, you know, or someone was pushing towards the controls and was held back in some way. There's just nothing indicating that what would be the normal course, that would be the normal course that the master of person in charge has ultimate command authority. There's nothing undermining that inference. I'm not saying, and, you know, we're not asking for a blanket rule here that whenever an owner of a boat is on the boat, they're the master of the person in charge, and the boat doesn't stop, they get convicted of this. What we're saying is on the very specific facts of this case, it's a reasonable inference that this person was the master of the person in charge, and when the boat didn't stop, that he did not exercise his command authority to have the boat stop. But wouldn't you also have to prove beyond a reasonable doubt that if he exercised his command authority, we're not talking about a military ship in command here, that he may have said, okay, stop the boat, and the guy at the helm says, mm-mm. I mean, that scenario seems to me equally as likely. I know in this case, the person was convicted, but I guess I'm asking that hypothetical because of my concern that the person that you have to show who's actually driving the boat, not who is the technical master of the boat in order to get a conviction. Sure. So, I mean, I would push back on it being, you know, it certainly doesn't need to be the person that was operating the boat. That's why it says operator, master, or person in charge. So, you know, if there was something to show that the person in charge or the master who is not the operator attempted to exercise their command authority and were not obeyed, again, I don't think that would change the first prong whether they were the, you know, operator, master, or person in charge, but I think that would undermine the fact that they knowingly failed to obey in order to heave to. And my point being is once you have the master there on a small boat standing there right next to them, you can infer that they took, you know, that they did not exercise their command authority, and certainly other facts in other cases could undermine that, but there's no evidence of any other facts that would undermine that common sense inference here. I'm struggling with the command authority concept on a small recreational boat like this, right? So, if we talk about the master of a Navy vessel or the master of a cruise ship, it's very clear that, you know, there's someone, often the captain, who is the master, who has command authority over other personnel. When people go out on a small boat for recreational purposes or criminal purposes, you know, why should we assume that the owner of the boat has any command authority over the other people who are on the boat? Well, I think it's by fact of being a boat captain on their own boat, it's, you know, who is in charge of this vessel, and, you know. Well, but we don't even know that he's the captain. I mean, like, what does it mean to be the captain in these circumstances? Well, I think what it means in, if I may, court's indulgence, I think command authority is determining who is captain, who could be behind the wheel. I think maybe that's the best way of thinking of it here. Different things, right? So we have—it sounds like you're saying he's the owner, therefore he must be the captain. And then he's the owner, so he probably was behind the wheel, and if he wasn't behind the wheel, then he had command authority over whoever was. And that's a lot of speculation. I don't think so, Your Honor. I think that the point being is we are not arguing that any owner on a boat— excuse me, that anyone, just because they're the owner, has the command authority. You know, I think it's a combination of being licensed to operate this boat as a boat captain. It's a combination of owning the boat, which is sort of, I think, natural inferences from property rights. And I think that when you combine all of these things, that the most reasonable inference is that even if this person was not behind the wheel, it was that someone else was behind the wheel with his permission to do so. And I think that's what I would view as command authority here. It seems like you would have been on much stronger ground to charge an aiding and abetting theory here under this, like, you know, he must have had that authority to control someone, even if he wasn't the person who was at the helm, right? But there is none here. And it seems that a lot of these—you know, we don't have much in this circuit, but the other circuits that have addressed these issues about the person in charge of a vessel have relied on that aiding and abetting theory. But we here would have to find that he is—that it is the jury— there was enough evidence in the record for the jury to find beyond a reasonable doubt that he was either the master or person in charge. It sounds like you're kind of stepping away from operator. Let me stop there and ask you, is that correct, that you're stepping away from there was sufficient evidence in the record that he was operating the vessel? Well, what I would say, yes. Because I guess here's what I would say, is whether he was operating the vessel or not operating the vessel, he was still the master or the person in charge. And so I don't think we need to prove that, but we can also prove that he was operating or any of these things. So what I would say is I think we can say he's the master or the person in charge, and that's what we can prove beyond a reasonable doubt, and that he may have been behind the wheel and he may have not. So you're saying there's sufficient evidence that as the owner with a captain's license on a small vessel, he was either the master or the person in charge and had command authority over the operator, whoever that may have been. That he had the right to determine who was behind the wheel, I think is fundamentally where we're at. That he could have been behind the wheel if he wanted and had the right to determine if someone else was. And if he determined that someone else, if he exercised that right and determined that someone else could be behind the wheel, he remained master or person in charge and was liable for failing to heave to even if he was not at the wheel. Well, he could have taken the wheel back. The problem is, again, given the nature of this enterprise, I don't mean enterprise in the sense of recall, that's probably what we're dealing with here. We're not talking about a pristine military chain of command. And clearly if they went out and got a boat from somebody and he's the owner of the boat because it's his boat, they use his boat, they say, we're going to cut you in on part of the proceeds here. That wouldn't make him in charge of what's going on on that boat or with that boat. It's not, in other words, the circumstances here don't really give themselves, don't lend themselves to the kind of command structure that your theory is built upon. Does that make sense? I take, I understand the court's point. You know, a few other facts I would mention is, you know, I think the evidence is in the record that these were all people that knew each other very closely. And, you know, even if we were to, if you look at what the defense put on, you know, testimony about these being friends and et cetera, there was one guy or one individual who was not that. But I think the point being that I don't think that looking at these individuals and the co-defendants are in trial that those are really a group that we're saying would disregard, pardon me. Sure. I don't think that, and again, the jury did acquit on the drug conviction, but even if we looked at all of these facts and looked at it, we're not looking at a hierarchical drug trafficking organization on board this boat with evidence that the defendant here was near the bottom, right? There's no indication of a different hierarchical organization having taken control of that boat. So at the trial, there was nobody that, none of the government's witnesses identified the defendant as being at the helm, correct? Correct. The best they could do is a tall-skinned guy, tall, slender guy. I think that's the most accurate. That's the closest to a description of the person. But nobody that was out there that night could identify with any degree of certainty who was in charge, who was at the helm, correct? That's correct, Your Honor. On the photos, I can't tell how tall they were from these photos, but they all are slender. I looked at J246 and 249. They all appear to be very slender from the photos. Yes, Your Honor. I mean, I put that in there because it was the evidence that came out. I am not contending that, and to answer the Court's question is why I highlighted it, I am not contending that the description of a tall, slender person combined with those pictures is correct. And if I could just get back to the aiding and abetting question. We did not pursue an aiding and abetting theory here. Maybe that is something that we should have explored. I know there is some unfavorable case law about aiding and abetting. I think the aiding and abetting case that was cited by the defendant out of the 11th Circuit was actually one where they said there was insufficient evidence of aiding and abetting, and that was a similar situation here where there were people on the vessel. There was someone on the vessel steering. Pardon me again. It seems like you would have the same problem with an aiding and abetting theory. You would pretty much have the same problem as you do without that theory. The 11th Circuit said that throwing bags off the back of the boat, for example, was not enough to show aiding and abetting because they were trying to get rid of drugs, no indication that they were trying to make the boat faster so it could escape more quickly. So under the factual situations that we had, there were other issues with an aiding, potential issues with an aiding and abetting theory. Maybe we would take them up in another case, but that's not the avenue that we pursued here. Just to follow up on one of Judge McKee's questions from earlier, he had asked whether we can rely on any of the evidence that came in during the defendant's cases in the Chief. Let's assume for the sake of this question that we conclude the Rule 29 issue was preserved in the trial court. It was filed at the close of the government's case. It was reasserted at the close of the defendant's cases. So are we able to consider the evidence that the defendants put on? So my understanding of the current state of Third Circuit case law is if there's a ruling at the mid-trial, then they can't raise only that evidence. I don't know that this Court has ever – I'm not aware of a case where this Court has ever addressed the issue of where it's taken under advisement mid-trial and then raised again. Excuse me. What I would say is I think that the defendant has waived any argument for the consideration of the evidence only at the close of the government's case because if you look at the brief, it's an argument based on all of the evidence, including the evidence presented at his case, and not limited to that. And there's no argument in there about not being permitted to consider that. In fact, he takes the opposite tact and wants his evidence to be considered for purposes. So ultimately, really, I don't think the defendant has pointed to any inculpatory evidence that came out when the defense witnesses were testifying, right? So it really comes down to whether there was sufficient evidence presented during the government's case in chief. I think there's some more evidence presented about the relationship between the defendants and things like that, but things that are, in my view, somewhat helpful to what we're trying to show here. So I wouldn't necessarily say that the government would like to rely on all of the evidence and we think any argument for only the evidence at the close of the government's case has been waived because that's not the argument that the defendant is making. The fact that somebody else had a captain's license or a license to drive a boat, that came out in the defendant's case. It did. It did. And that's certainly something that's brought up in his argument and certainly there's citations to the evidence in the testimony from there as well. I see I'm well over. If I may just check to make sure that there's...  No, I would say, unless the court has any further questions for me, I would take a seat. Thank you very much. Thank you, Your Honor. Thank you. With your permission, Your Honors. So, presenting a Rule 29 argument after the case in chief of the government, presenting Rule 29 after evidence, and reaffirming on the day of sentence that we are sticking with our argument that there is no sufficient evidence to convict Mr. Romero Amado, it's not a waiver and it's not an abandonment of the arguments. I fail to believe that at that moment the court sort of like made a question knowing that there was something pending to see if I said... There's no possible way that that happened, you know. I think, honestly, that there was some misunderstanding that the return on it has been denied because I'm right there for a sentence on that moment. And that's far from abandoning the argument. Going to the government's point that my client was the master because he was the owner, there is nothing on the law that states that. And there is no case law that states that. So, when the boat left from Culebra to San Tomas, at that moment, the government cannot... There is no evidence that my client, Mr. Romero Amado, was the master because titleship does not have anything to do with being the master. And the government wants to keep on arguing that, but there is nothing on the law that states that, nor on the case law. But what about the person in charge? I'll say that titleship does not have anything to do with the person in charge either. Titleship is like owning anything. In the context that there are four persons, five persons on a boat, and there is no evidence of actual acts that determine who's the person in charge or evidence about anything regarding the dynamics of the boat and roles, there is no evidence to determine that Mr. Romero Amado was the person in charge either. Having a captain's boat license in the context of a leisure boat does not add to the equation when there are other persons that have knowledge about boats and have additional captain's license. So the government failed to prove the case because they only had one description, tall and slender. And as the evidence presented to the court demonstrates, they cannot determine that Mr. Romero Amado, nor in court, in actual court, the three witnesses that conducted the intervention, did not say that Romero Amado was the person that was controlling the boat. So then we go back to ownership and the license, and that's just not enough substantial evidence to support the verdict. Thank you. Thank you. Thank you, Mr. Adams-Quesada and Mr. Sleeper. We'll take these matters under advisement and circle back to you. Have a good day, gentlemen.